[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action claiming a deficiency judgment as a result of defendants' breach of an automobile retail installment contract (Contract) and defendants counterclaim and set-off for fraud, CUTPA violations and violations of Article 9 of the Uniform Commercial Code.
Facts
On November 2, 1989 the defendants entered into a retail installment contract with Stephen Chevrolet, Inc. to finance the purchase of a used Chevrolet motor vehicle (Vehicle). The defendant, Peter J. LeGrande, was the "Buyer" and the defendant, Laurie F. LeGrande, the "Co-Buyer" under the Contract. That Contract was assigned that day to plaintiff.
Defendants failed to make the installment payments as required by the Contract and on April 3, 1991 plaintiff took the Vehicle by repossession. The repossession was without a breach of the peace, nor was there any inappropriate action by the repossessors.
On April 6, 1991 each defendant received a notice from plaintiff that the vehicle would be sold "at a private sale at any time after" 9:00 A.M., April 22, 1991. A ten-day notice is required by the Contract. Those notices also provided that "[t]o get your vehicle back you must pay all past due payments, plus expenses. . . . As of [April 4, 1991] you must pay:
 Past Due Payments (2 of $627.93 and one of $617.93) $1, 873.79
Late Charges 30.00
 Expenses (estimated) 225.00 TOTAL $2,128.79"
Defendants tendered no money and the vehicle was sold at a private auction May 1, 1991.
On May 10, 1991 plaintiff made a demand for a deficiency of $5,369.70, being the difference plaintiff claimed between the total debt due and the net proceeds of the sale of the vehicle. There was a "Repossession Accounting Statement" attached to the demand which set forth the details. CT Page 4345
The selling price was $13,000. The fair market value was $16,575.
The defendants were credited with $866.54 for unearned "Group Creditor" premiums and $626.57 for "Services Contract" premiums. Those two credits total $1,493.11. The only insurance charged in the retail installment contract is for "Disability Accident and Health" for $1,378.94. That is the only insurance amount shown on Exhibit 3.
There was testimony about an extended warranty for which a refund is due. These refunds were given by credit and there is no evidence that they are not reasonable.
The correct amount that would be due plaintiffs if a deficiency were found is as follows:
Balance due on Contract $28,874.78
 Plus: Repossessing, etc. $ 0.00 Auction fee 0.00 Storage 0.00 Late Charge 30.00 30.00
Gross Balance Due On Contract $28,904.78
 Less: Finance rebate $ 6,842.39 Group rebate 866.54 Service 626.57 NADA average 16,575.00 24,910.50
Net Balance Due on Contract $ 3,994.28
Law
I. Complaint
There was a private sale and the appropriate notices were sent. Conn. Gen. Stats. 42-98.
II. Special Defenses CT Page 4346
A. Breach of Peace
The defendants have not shown a breach. The evidence is clear that, fortunately, there was none. No violation of Conn. Gen. Stats. 42-98 is found.
B. Fraud, Trickery, etc.
The court did not find that in the repossession plaintiff or its agents acted inappropriately.
C. Article 9, UCC
From defendants' memoranda the court suspects that it is 503 of Article 9 to which they refer. There was no violation of that Article.
D. Notice
Proper notice was given.
E. Chapter 733
When a statute is pleaded it "shall be specifically identified by its number." Practice Book 109A. A chapter number is not a statute number. Preface, General Statutes of Connecticut Vol. 1, page V. "Sections of the General Statutes which have been amended usually retain the statute number assigned to them prior to their being amended; . . ." In Chapter 733 there are 21 sections, i.e., 21 statutes. From the pleadings and defendants' memoranda the court assumes 42-98 is meant and no violation of that is found. We found no other violations under Chapter 733.
III. Counterclaim and Set-Off
The defendants have failed to sustain their burden of in regard to the "Counterclaim and Set-off." No breach of the peace occurred. No "fraud" was proven. No true trickery or subterfuge is found.
No violation of CUTPA is found.
No violation of any part of Article 9 of the U.C.C. is found (also see II above). CT Page 4347
IV. Waiver
No waiver was pleaded by defendants but in any case, none is found.
A deficiency judgment for $3,994.28 may enter for plaintiff on the complaint.
Judgment for plaintiff on the counterclaim.
N. O'Neill, J